# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DYTANIEL L. MCBRIDE, | ) |
|     Defendant-Petitioner, | ) ) ) |
| v. | )   Case No. 15-1069 |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Plaintiff-Respondent. | ) ) |

## 1. O R D E R

This matter is now before the Court on Petitioner, Dytaniel McBride's ("McBride"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, McBride's § 2255 Motion [1] is DENIED.

## 2. BACKGROUND

On June 22, 2011, McBride was charged in a superceding indictment for: (1) conspiracy to distribute and possess with the intent to distribute at least 5 kilograms of cocaine and 280 grams of crack cocaine, in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A); (2) possession of at least 280 grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A); (3) conspiracy to launder monetary instruments, in violation of 18 U.S.C. §1956(h) and 1956(a)(1)(B)(i); and (4) arson, in violation of 18 U.S.C. §844(i). On March 30, 2012, at the conclusion of a bench trial, McBride was convicted of the above charges and sentenced to natural life in prison for counts 1 and 2, and 240 months for counts 3 and 4.

McBride pursued a direct appeal to the Seventh Circuit challenging the sufficiency of evidence supporting the convictions for money laundering and arson (counts 3 and 4), and challenging this Court's sentence of life imprisonment (counts 1 and 2). On July 26, 2013, the Seventh Circuit remanded the case for resentencing after the Government's confession of a guidelines calculation error and an order of acquittal on the arson count. United States v. McBride, 724 F.3d 754, 760-61 (7th Cir. 2013). On remand, this Court sentenced McBride to 360 months for the drug offenses and 240 months for the money laundering offense, to be served concurrently. McBride's second appeal was dismissed on June 3, 2014, after the Seventh Circuit granted McBride's appointed counsel's request to withdraw under Anders v. California, 386 U.S. 738, 744 (1967). United States v. McBride, 557 Fed. Appx. 575 (7th Cir. 2014).

McBride now brings this § 2255 motion in which he raises claims based on the following four arguments: (1) unconstitutional seizure, (2) unlawful arrest, (3) unconstitutional interrogation, and (4) ineffective assistance of counsel. Under the first ground, McBride alleges that the Government's seizure of his property—vehicles and bank accounts—was illegal because the Government did not establish each and every element of the conspiracy charge. McBride's second argument alleges that his arrest at Midway Airport was unlawful because the officer who signed the warrant was not the arresting officer. Third, McBride alleges that the Government's interrogation at Midway Airport was unconstitutional and his confession coerced, claiming the Government agents violated his rights by questioning him without his legal representative present. Finally, McBride alleges that he was denied effective assistance of counsel against almost every attorney that represented him, from pre-trial through appeals, and prosecutorial misconduct for failure to disclose evidence. The Government has filed its response [6], and McBride has filed a reply to the Government's response [7]. This Order follows.

### 3. DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. Watson v. Anglin, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance did not

meet the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88; Wyatt v. United States, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991). Because McBride did not raise grounds 1 through 3 on direct appeal, the following discussion will lead with petitioner's ineffective assistance claims.

**A) Petitioner's Ineffective Assistance of Counsel Claims**

    **i) Pre-trial Counsel**

McBride's fourth claim alleges he received ineffective assistance from, *inter alia*, pre-trial counsel. Specifically, McBride claims that Hugh Toner, who withdrew due to a conflict, was ineffective because he failed to demonstrate that the complaint lacked probable cause. In order for McBride to prevail on this claim, he must prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. Delgado, 936 F.2d at 311. Here, McBride's contention that Mr. Toner provided ineffective assistance of counsel fails to establish that Mr. Toner's representation fell below an objective standard, or that the result of the proceeding would have been different. First, Mr. Toner attempted to challenge the

complaint at a preliminary hearing, and the magistrate judge found the complaint established probable cause. Second, a grand jury later determined there was probable cause to return an indictment against McBride on two separate occasions.

McBride also claims his that his second attorney, Theodore Roosevelt Jamison, III, provided ineffective assistance by abandoning his constitutional right to a speedy trial, not familiarizing himself with discovery, not filing motions to suppress, insisting that McBride waive his right to trial, and taking McBride's financial documents with him. Mr. Jamison asked for a continuance due to the voluminous discovery. However, "to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness." Doggett v. United States, 505 U.S. 647, 651 (1992). McBride does not, and cannot claim that his case was not prosecuted with customary promptness. Rather, he alleges that the delay allowed the Government more time to develop its case against a co-conspirator. Thus, his allegation that he was denied the right to a speedy trial is meritless. McBride's unsupported allegations of ineffective assistance by Mr. Jamison for not familiarizing himself with discovery are also moot, since Mr. Jamison withdrew from the case and did not represent McBride at trial.

McBride next alleges that Jamison was ineffective by not filing motions to suppress "illegally seized discover[y]" acquired by the DEA. However, the search of "Tha Place" and seizure of evidence by the DEA was executed pursuant to a warrant, and McBride does not offer any cogent explanation as to why the search or seizure was unconstitutional. Even if the search was illegal, the good faith exception to the exclusionary rule would prevent suppression of such

5

evidence so long as the law enforcement officer was acting in good faith. United States v. Leon, 468 U.S. 897, 914 (1984). Again, McBride fails to provide any credible argument to put the DEA officer's good faith reliance in question. Regardless, McBride has not met his burden of showing that such a motion would have been granted. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

McBride further claims that counsel was ineffective because he "misled his client into signing the jury waive[r]." This allegation is without any factual support and clearly contradicts facts in the record. First, McBride read, signed, and discussed the waiver of jury trial in open court, acknowledging that he understood his right to a jury trial and that no one had made threats or promises to him to induce him to waive his jury trial right. Second, McBride fails to provide any credible facts relating to how he was misled by Jamison into signing the waiver. See Gray-Bey v. United States, 156 F.3d 733, 739 (7th Cir. 1998) (§ 2255 petitions must be accompanied by a detailed and specific affidavit which shows petitioner has actual proof of allegations going beyond mere unsupported assertions).

Finally, McBride claims that Jamison was ineffective because he left "with all the defendant company documents/computers that showed the defendant finances." According to McBride, Jamison's retention of the financial documents constituted ineffective assistance of counsel because "Mr. Jamison failed to investigate [the] issue of concern, the unlawful seizure of defendant/property on November 1, 2010." Even the most liberal construction of McBride's claim cannot vindicate the logical leap required to find that Jamison's retention of documents was in any way related to the alleged unlawful seizure of McBride's property. Moreover, McBride again fails to show how the result of the proceeding would have been different but for Jamison's retention of the financial records.

**ii) Trial Counsel**

McBride next alleges that trial counsel, John Lonergan, provided ineffective assistance for not filing motions to suppress search and seizure warrants. For McBride to prevail on this claim, he must show that the motion to suppress would have succeeded if it had been filed. Kimmelman, 477 U.S. at 375. In reviewing an issuing judge's finding of probable cause, the reviewing court "gives great deference to the issuing judge's determination so long as the judge had a substantial basis for the finding." United States v. Miller, 673 F.3d 688, 692-93 (7th Cir. 2012) (internal quotations omitted). Additionally, the good faith exception to the exclusionary rule prevents suppression of evidence obtained by officers in good faith reliance on a facially valid, but ultimately faulty search warrant. See Leon, 468 U.S. at 922-23. An officer's decision to obtain a warrant is *prima facie* evidence that the officer was acting in good faith. Id. at 921. This presumption may be overcome by showing that the issuing judge abandoned his or her detached and neutral role, the officer-affiant was reckless or dishonest in preparing the affidavit, or the warrant was so lacking in probable cause that no officer would have relied on it. United States v. Mitten, 592 F.3d 767, 771 (7th Cir. 2010).

McBride first asserts that Mr. Lonergan was ineffective for not challenging the state warrant issued in September 2009, which authorized law enforcement to install a tracking device in the Chevrolet Impala; this is the same vehicle McBride previously enlisted a DEA cooperator to install hidden compartments in. This claim is without merit. In fact, Mr. Lonergan *did* file a motion to suppress. McBride, despite Mr. Lonergan's advice, filed a *pro se* motion to withdraw counsel's motion to suppress, alleging that he had never owned, possessed, registered or operated the Impala at any time. Before granting McBride's request, this Court questioned both Mr. Lonergan and McBride as to why the defendant demanded to withdraw counsel's motion.

7

McBride cannot place fault in the hands of Mr. Lonergan for the defendant's strategic errors made against the advice of counsel. Furthermore, because McBride denied any privacy or ownership interest in the Chevy Impala, any attempt to challenge the warrant on 4th Amendment grounds would be frivolous.

McBride next challenges the December 2009 warrants obtained by the DEA authorizing the search of: the Impala, the Mote Carlo, "Tha Place," and a flash drive and cell phones seized at the time of arrest. McBride argues the warrants lack probable cause, and the DEA agent-affiant made false statements supporting the affidavit that Mr. Lonergan should have challenged under Franks v. Deleware, 438 U.S. 154 (1978). Even if the 20-page affidavit by the DEA agent in support of the warrant was insufficient to meet the probable cause standard, McBride would have to show that the good faith exception to the exclusionary rule should not apply. See Leon, 468 U.S. at 922-23. McBride has not shown that any alleged false statements in the affidavit were made "knowingly or intentionally, or with reckless disregard for the truth." Franks, 438 U.S. at 155-56. Nor does his rambling, often incoherent motion show that McBride has actual proof of the allegations going beyond mere unsupported assertions, as required for § 2255 petitions. See Gray-Bey v. United States, 156 F.3d at 739. Thus, Mr. Lonergan was not ineffective for failing to file a motion that would have been frivolous. See United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003).

McBride likewise contends that the October 2010 warrants authorizing the search of McBride's condominium and seizure of his personal property lacked probable cause and were based on false statements. Because of these allegedly illegal searches and seizures, McBride argues that Mr. Lonergan was ineffective for filing a motion to suppress. These arguments, unsupported assertions devoid of articulable facts, have been found to be without merit in his

other claims and they fare no better here. Mr. Lonergan was not ineffective for failing to file a frivolous motion. Rezin, 322 F.3d at 446.

McBride alleges that the issuing judge lacked authority to issue the seizure warrants because some the seized properties were located outside the Central District of Illinois. Title 18 U.S.C. § 981(b)(3) allows for the issuance of seizure warrants for property located in other districts when the issuing district is one in which acts or omissions giving rise to the forfeiture occurred. See 28 U.S.C. § 1355(b)(1)(A). A substantial part of McBride's criminal conduct took place in the Central District. Again, Mr. Lonergan was not ineffective for failing to file a frivolous motion. Similarly, McBride's challenge to the Peoria Police Department's seizure of DVRs from "Tha Place" is meritless because he signed a consent to seize and search the computer and video items located there.

McBride also alleges that misconduct by the prosecutor and perjury by DEA agent Woods amounted to ineffective assistance of counsel. Aside from the logical disconnect between McBride's counsel and the prosecutor's alleged misconduct or officer's perjury, McBride's factually unsupported allegations also fail because this Court has already addressed and rejected these claims in McBride's prior motion for a new trial.

### iii) Appellate Counsel

Finally, McBride alleges that appellate counsel, Howard W. Anderson, III, provided ineffective assistance during the successive direct appeal by "misleading the courts to believe that the defendant withdrew his [*pro se* suppression] motion and waive[d] his constitutional rights." Mr. Anderson filed an Anders brief in the successive appeal, assessing the merits of the case and requesting to withdraw. The Seventh Circuit agreed with Mr. Anderson that the appeal

was frivolous, granted counsel's motion to withdraw, and dismissed the appeal. Even if McBride's allegations were true, McBride has not and cannot show that he would have prevailed on the motion to suppress. Moreover, McBride did not raise the issue relating to the motion on the first appeal and was therefore barred from raising it on the successive appeal. United States v. Schroeder, 536 F.3d 746, 751-52 (7th Cir. 2008). Accordingly, McBride has failed to show that Mr. Anderson's representation amounted to ineffective assistance of counsel.

**B) Petitioner is Barred from Challenging the Merits of his Conviction**

McBride appealed his sentence and convictions for conspiracy and arson to the Seventh Circuit in 2013. United States v. McBride, 724 F.3d 754, 760-61 (2013). The Seventh Circuit entered an order of acquittal on the arson count and remanded for resentencing. Id. at 761 ("In all other respects we affirm the judgment of the District Court.") None of the grounds raised in McBride's present § 2255 motion—unconstitutional seizure, unlawful arrest, and unconstitutional interrogation—were raised on direct appeal.

McBride filed a second notice of appeal with the Seventh Circuit in 2014, alleging ineffective assistance of counsel and challenging the merits of his conviction, his sentence, and drug testing order. United States v. McBride, 557 Fed. Appx. 576 (7th Cir. 2014). McBride's appointed attorney, who also represented him at the prior appeal and resentencing, asserted that the appeal was frivolous and requested to withdraw. The Seventh Circuit dismissed McBride's arguments unrelated to the resentencing as frivolous, noting that their 2013 opinion affirmed this Court's judgment in all respects except for the sentencing issues. Similarly, the court rejected McBride's challenge to his sentence calculation. Id. ("McBride cannot point to anything in the record to rebut the presumption of reasonableness we afford within guidelines sentences.")

Finally, the Seventh Circuit rejected McBride's ineffective assistance of counsel argument, noting that such claims "are best raised in a collateral attack where the record can be developed." Id. at 577, *citing* 28 U.S.C. § 2255.

Grounds 1 through 3 of McBride's motion are constitutional issues that were not raised on direct appeal. Therefore, in order to avoid procedural default, McBride must establish both a showing of cause for the default and actual prejudice from the failure to appeal. Although McBride is barred from challenging the merits of his conviction directly, ineffective assistance of counsel can be cause for default. As discussed above, McBride has failed to establish any ineffective assistance of counsel claims. Therefore claims 1 through 3 of McBride's § 2255 motion are dismissed.

### 4. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that McBride's claims were not devoid of factual support or otherwise without merit under the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

## 5. CONCLUSION

For the reasons set forth herein, McBride's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [1] is DENIED, and the Court declines to issue a Certificate of Appealability.  This matter is now terminated.

ENTERED this 28th day of September, 2015.

s/ James E. Shadid
James E. Shadid
United States District Judge
